IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MALCOLM MARKS** <br> 7800 Mayfair Circle <br> Ellicott City, Maryland 21043 <br><br> Plaintiff, <br><br> **WASHINGTON WHOLESALE LIQUOR COMPANY LLC** <br> 2800 V Street, NE, Unit E <br> Washington, D.C. 20018 <br><br> <u>Serve Resident Agent</u>: <br> CORPORATION SERVICE COMPANY <br> 1090 VERMONT AVE. NW <br> Washington, D.C. 20005 <br><br> Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

**NOW COMES**, plaintiff Malcolm Marks, by and through his undersigned attorneys George A. Rose, Esquire and Rose Law Firm, LLC, and sues the aforementioned defendant and in support of his cause of action state:

### I. PRELIMINARY STATEMENT

1.    This action for declaratory, monetary and other appropriate relief is brought by plaintiff to redress intentional violations by defendant of Plaintiff's rights secured to him by the statutory laws of the United States and the District of Columbia. This action arises under Title I of the Americans with Disabilities Act, as amended, 42 U.S.C.A §§ 12101 et seq. ("ADA").

1

## II. PARTIES

2.      Plaintiff (hereinafter "Plaintiff" or "Mr. Marks") is at all times material here a disabled African American male residing in Ellicott City Maryland.   At all times relevant herein Plaintiff has been employed by the Washington Wholesale Liquor Company, LLC ("WWLC") as helper.

3.      Defendant Washington Wholesale Liquor Company, LLC (hereinafter "Defendant" or "WWLC") is a limited liability company registered in the District of Columbia with its principal place of business as 2800 V Street, NE, Unit E, Washington DC 20018. WWLC sells spirits and liquor to wholesales purchasers in the District.

## III. JURISDICTION & VENUE

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132(e), all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

 5.      Venue is proper in this district under 28 U.S.C. *§1391(a) (2),* and *§1391(b) (2)* because Defendants are located in this district and the events or omissions giving rise to this claim occurred in this district.  Also, venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district, the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      On June 30, 2014 Plaintiff timely filed charges of discrimination against WWLC with the Equal Employment Opportunity Commission (EEOC).  On or about November 24, 2014, Plaintiff's EEOC Charges were transferred to D.C. Office Of Human Rights ("DCOHR")

for processing. On June 29, 2015, DCOHR issued Plaintiff with a Dismissal of the Charge and Notice of Right to Sue.  Plaintiff files this complaint within (ninety) 90 days after receiving the Dismissal Notice from DCOHR. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

### V. FACTUAL ALLEGATIONS

7. In August 2010, Defendant hired Plaintiff as a helper.  Plaintiff's primary job duties and responsibilities as a helper, involved accompany the delivery truck driver on delivery assignments and assisting with the loading, off loading and delivery of liquor to Defendant customers.

8. At the time of his employment with Defendant, Plaintiff had a disability, in that Plaintiff could not use his right arm which was obviously paralyzed.  However, Plaintiff was customer of Maryland State Department of Education, Division of Rehabilitative Services (DORS) a "training and placement facility that works with individuals with moderate to severe documented disabilities in hopes for them to obtain and/or maintain independence."

9. In May 2011, Plaintiff was referred to "Occupational Therapy" for a worksite assessment by DORS.  On or about June 21, 2011, an on-the-job worksite assessment was conducted, which included observation of Plaintiff performing his daily job tasks for Defendant. Based on this worksite assessment, DORS determined that Plaintiff needed a motorized stair climbing hand truck to carry out the essential functions of his job effectively and reduce the risk of injury.  Consequently, DORS acquired and provided Plaintiff with a motorized stair climbing hand truck to carry out the essential functions of his job.  Defendant agreed that the motorized stair climbing hand truck could be stored and repaired at Plaintiff's worksite.

10. On or about February 14, 2014, the motorized hand truck became inoperable and needed repairs. On or about February 18, 2014 Plaintiff informed his supervisor Jimmy Lundstrom that the motorized hand truck was inoperable and requested that the Defendant grant approval for a service technician to visit the jobsite to repair the motorized hand truck.

11. Subsequently, Plaintiff asked his supervisors repeatedly to have the motorized hand truck repaired; however, Plaintiff was told that his supervisors did not get authorization to have the repairs done.

12. After over four (4) months working under unusual physical strain, and in fear of accident from maneuvering with the manual hand truck, sometime in June 2014 Plaintiff took action to transport and/or deliver the motorized hand truck to a repair company for service and repairs.  Plaintiff paid out of pocket for the repairs.

## VI. COUNT ONE
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

13. Plaintiff incorporates all preceding and following paragraphs hereto, as though fully set forth herein.

14. Plaintiff is a disabled person as intended by the ADA; in that, he has a physical impairment that substantially limits one or more major life activities, or was regarded as having such impairment, as set forth under the ADA.

15. Plaintiff is otherwise qualified to perform the essential functions of a helper, with or without reasonable accommodations by Defendant.

16. Defendant is a covered entity under the ADA.

17. Defendant's knowingly, intentionally, recklessly or negligently discriminates against the Plaintiff because of his disability and/or handicap.  Defendant failed to provide reasonable accommodation to a qualified person suffering a disability that affects one or more of

life's major activities, who are capable of performing the duties and/or work for Defendant with or without the reasonable accommodations, when such reasonable accommodations will not cause a financial hardship on the Defendant.

18.     As a direct and the proximate result of the Defendant's acts and/or omissions the Plaintiff sustained, humiliation, embarrassment, and unnecessary stress and anxiety, for which the Defendant is required by law to provide a remedy.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment in Plaintiff's favor and grant Plaintiff the maximum relief allowed by law, including, but not limited to;

(a)     compensatory damages;
(b)     declaration that Defendant's actions violated the ADA; and,
(c)     attorneys' fees, costs, pre- and post-judgment interest, and such other relief as are just and equitable under the circumstances.

Respectfully Submitted,

*/s/ George A. Rose*

George A. Rose, Esq.
Rose Law Firm, LLC
200 E. Lexington Street, Suite 800
Baltimore, MD.  21202
Telephone #: 410-727-7555
Facsimile #: 410-320-0962
Email: grose@roselawfirm.net
*Attorney for Plaintiff*

## JURY TRIAL PRAYER

Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

*/s/ George A. Rose*

George A Rose, Esq.